IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                           4:20-CR-00155-01-JM

KEVIN LYNN TUCKER

## ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 75) is DENIED.

Applying retroactive Guidelines Amendment 821 does not change Defendant's criminal history category. His criminal history score goes from 32 to 31, but his criminal history category remains the same.[1]

Additionally, Defendant's plea agreement provides that he "waives the right to have these sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

An inmate "may attack the execution of his sentence through § 2241 in the district where he is incarcerated . . . ."[4]

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 35.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).

[4] *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

Because Defendant request for time credits is a challenge to the execution of his sentence and he is currently incarcerated in El Reno, Oklahoma, he must pursue relief by filing a § 2241 petition in the United States District Court for the Western District of Oklahoma, after exhausting his administrative remedies.

IT IS SO ORDERED this 1st day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE